UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
CHESTER D. AKINS,             :
                              :
          Petitioner,         :    Civ. No. 19-8382 (NLH)
                              :
     v.                       :    OPINION
                              :
DAVID ORTIZ,                  :
                              :
          Respondent.         :
_____:

APPEARANCE:
Chester D. Akins, No. 35521-068
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Chester D. Akins, a pretrial detainee presently

housed at the Federal Correctional Institution at Fort Dix in

Fort Dix, New Jersey, seeks to bring a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment of

fees or security.  See ECF No. 1 (petition).

Filing Fee

     The filing fee for a petition for writ of habeas corpus is

$5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is

required to be paid at the time the petition is presented for

filing.  Pursuant to Local Civil Rule 81.2(b), whenever a

prisoner submits a petition for writ of habeas corpus and seeks

to proceed in forma pauperis, that petitioner must submit (a) an

affidavit setting forth information which establishes that the
petitioner is unable to pay the fees and costs of the
proceedings, and (b) a certification signed by an authorized
officer of the institution certifying (1) the amount presently
on deposit in the prisoner's prison account and, (2) the
greatest amount on deposit in the prisoner's institutional
account during the six-month period prior to the date of the
certification.  If the institutional account of the petitioner
exceeds $200, the petitioner shall not be considered eligible to
proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a
habeas petition as required by Local Civil Rule 54.3(a), nor did
Petitioner submit an application for leave to proceed in forma
pauperis.  Petitioner must either submit a complete application
to proceed in forma pauperis or he must pay the filing fee.

Conclusion

For the reason set forth above, the Clerk of Court will be
ordered to administratively terminate this action without
prejudice.[1]  Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for
purposes of the statute of limitations, and if the case is re-
opened pursuant to the terms of the accompanying Order, it is
not subject to the statute of limitations time bar if it was
originally submitted timely.  See Houston v. Lack, 487 U.S. 266
(1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc.
Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases

2

within thirty (30) days, by paying the filing fee of $5.00, or

submitted a completed application to proceed in forma pauperis.

An appropriate Order will be entered.


Dated: March 15, 2019              s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

_____
and explaining that a District Court retains jurisdiction over,
and can re-open, administratively closed cases).